UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-cr-20205-UNGARO

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

DANIEL JOHN PYE,

 Defendant.
_____/

**MOTION FOR BILL OF PARTICULARS AND MEMORANDUM OF LAW**

 The Defendant, DANIEL JOHN PYE, by and through his undersigned attorney, pursuant to Fed.R.Crim.P. 7(f), moves this Honorable Court for a bill of particulars relating to the above captioned Indictment and as grounds states the following:

 1. The defendant is charged in all four (4) counts of the Indictment with traveling in foreign commerce for the purpose of engaging an any illicit sexual conduct in violation of 18 U.S.C. Section 2423(f) and 2423(b).

 The Indictment specifically alleges that this foreign travel consisted of travel from Miami International Airport to Haiti on October 27, 2008, October 5, 2009, May 14, 2011, and November 8, 2011. There are absolutely no allegations about the dates of the alleged illicit sexual conduct; the names/initials of the alleged victims; or the type/nature/description of the illicit sexual conduct.

 2. The government has provided witness statements in its Response to The Standing Discovery Order which in contends provides the aforementioned allegations that are not contained in the Indictment. However, said statements are not consistent, are vague, and fail to establish any dates.

## **Memorandum of Law**

Rule 7(c)(1) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged…" Fed. R. Crim. P. 7(c)(1). The indictment need not contain all facts relevant to the government's case. It must, however, contain sufficient facts to notify the defendant of the charge so that he or she may prepare a defense, and invoke the Double Jeopardy Clause in future prosecutions based on the same conduct. United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998); Hamling v. United States, 418 U.S. 87, 117 (1974).

In addition, in the instant case a bill of particulars is necessary to address the lack of notice discussed above. In order for Mr. Pye to be able to defend himself, at minimum, he should be entitled to notice of the approximate date and the nature of all alleged illicit sexual conduct that forms the basis for the charges in the indictment. This information is necessary not just to defend against the pending charges, but to clarify exactly what conduct is at issue in this case, so that the Double Jeopardy implications of the prosecution are clear.

4. Pursuant to the local rules, undersigned counsel has contacted AUSA Benjamin Widlanski who opposes this motion.

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically  this  5th day of September, 2017.

                                        Respectfully submitted,

                                        BY:    s/s  Joel DeFabio
                                        JOEL DEFABIO, ESQUIRE
                                        FL Bar No.:  0311529
                                        2420 Coral Way
                                        Miami, Florida 33129
                                        (305) 860-4884 (FAX) 860-4828
                                        jdefabio@dbsmiami.com