UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  17-cr-20205-UNGARO

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

DANIEL JOHN PYE,

    Defendant.
_____/

**DEFENDANT'S MOTION IN *LIMINI* PURSUANT TO FED.R.EVID.408 AND INCORPORATED MEMORANDUM OF LAW**

The defendant, DANIEL JOHN PYE, by and through his undersigned attorney, pursuant to Fed.R.Evid. 408, files this Motion In *Limini* requesting this Honorable Court to enter its order prohibiting the government from introducing as evidence the following compromise offer and/or settlement and as grounds states as follows:

**COMPROMISE/NEGOCIATED SETTLEMENT**

1. The government may seek to introduce evidence of monetary payments to one of the alleged minor victims in Haiti and/or her mother.

2. Said minor victim (MV1) and/or her mother made a claim of sexual abuse against the defendant while he resided in Haiti. The mother was an employee of the orphanage at the time and was discharged from said employment after said allegation was made.

3. The mother and/or the alleged victim retained an attorney in Haiti to

seek compensation from the orphanage and/or the defendant for both the improper employment termination and the sexual assault allegation. The parties reached a settlement which did not include an admission of liability and/or guilt and payments for this settlement were tendered.

## FED.R.EVID. 408

Federal Rule of Evidence 408 states as follows:

**(a) Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
**(1)** furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
**(2)** conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
**(b) Exceptions.** The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

## MEMORANDUM OF LAW

Per the plain language of Rule 408 evidence of settlement discussions; offers of compromise; settlement negotiations; and/or the terms of settlements are inadmissible to prove or disprove the underlying claim. Per the advisory committee of this rule, the justifications for this rule are that the "compromise at issue may have been motivated by a desire for peace rather than any concession as to the merits"; the rule "promotes settlement of disputes"; and "a defendant in a civil suit is far less likely to offer to settle a claim if evidence of that offer can later be

Page **3** of **3**

introduced to prove criminal liability for the same conduct". *United States v. Arias, 431 F.3d 1327,1337 (11th Cir. 2005).*

      Since evidence of compromise is not necessarily probative of liability, Rule 408 helps to insure accurate determinations in a subsequent trial. Permitting the introduction of civil settlement offers in subsequent criminal prosecutions actually compromises the accuracy of the jury's determination as evidence of settlement is often irrelevant to liability for the charged conduct and the potential negative impact of settlement evidence is more profound in criminal proceedings than in civil proceedings. *Id. at 1338.*

      Wherefore, based upon the aforementioned rule and authority, the Court should enter its Order precluding the government from introducing the any offer of settlement; settlement; compromise; and/or monetary payment by the defendant to the aforementioned individuals.

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically, under seal, this  16th  day of October, 2017.

      Respectfully submitted,

      BY:    s/s  Joel DeFabio
      JOEL DEFABIO, ESQUIRE
      FL Bar No.:  0311529
      2420 Coral Way
      Miami, Florida 33145
      (305) 860-4884
      (305) 860-4828 (FAX)
      jdefabio@dbsmiami.com