**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-20205-CR-UNGARO**

**UNITED STATES OF AMERICA,**

> **v.**

**DANIEL JOHN PYE,**

> **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*
PURSUANT TO FED. R. EVID. 408**

The United States, by and through the undersigned Assistant United States Attorneys, respectfully submits this response to Defendant's motion *in limine* pursuant to Rule 408 of the Federal Rules of Evidence, filed on October 16, 2017 [D.E. 62].

**I.**

The Defendant moves to exclude "evidence of monetary payments to one of the alleged minor victims in Haiti and/or her mother."  Defendant's Motion [D.E. 62] at 1.  The Defendant argues that the minor victim (MV1) and/or her mother made a claim of sexual abuse against him while he resided in Haiti, *id.*, and that he reached a settlement with the minor victim and/or her mother, *id.* at 2.  As such, the Defendant claims that Rule 408 of the Federal Rules of Evidence precludes the Government from introducing evidence of the settlement or payments by the Defendant.  *Id.* at 3.

The Government does not plan to introduce evidence of the Defendant's alleged settlement or payments in its case-in-chief.  However, if the Defendant suggests that the victims in this case are biased, i.e., that they are fabricating allegations of sexual assault because they were enticed to

do so by individuals adverse to the Defendant, then the Government reserves the right to introduce this evidence for the purpose of disproving bias.  If the Defendant suggests such bias, and opens the door to this issue, the Government will, at that point, request a ruling from the Court before offering this evidence.

## II.

Federal Rule of Evidence 408 generally prohibits the admission of settlement discussions offered for the purpose of proving "the validity or amount of a disputed claim."  Fed. R. Evid. 408(a).  Rule 408(b), however, provides an exception permitting the Court to admit such evidence "for another purpose, such as proving a witness's *bias* or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."  Fed. R. Evid. 408(b) (emphasis added).

Courts across the country have permitted evidence of settlements in criminal and civil cases when such evidence was offered to prove "another purpose."  *See, e.g.*, *United States v. King*, 623 F. App'x 962, 966 (11th Cir. 2015) (mail and wire fraud case:  affirming district court's admission of an administrative complaint and cease-and-desist order describing the fraudulent scheme, and noting that Rule 408 "has no application because this evidence was not offered to prove the validity of the complaint's allegations.  Instead, it was offered to show that [defendant] continued to participate in the scheme even after she was told that it was fraudulent."); *Brocklesby v. United States*, 767 F.2d 1288, 1292–93 (9th Cir. 1985) (civil case:  holding that the district court properly admitted evidence of a settlement agreement under Rule 408 because the court admitted the agreement for "purposes . . . distinct from proving liability," i.e., demonstrating the relationship between the parties and attacking the credibility of witnesses); *United States v. Austin*, 54 F.3d 394, 400 (7th Cir. 1995) (mail and wire fraud case:  affirming district court's admission of evidence

of prior settlement, including defendant's stipulation in the settlement admitting to the allegations, because it was offered to prove notice); *United States v. Hauert*, 40 F.3d 197, 200 (7th Cir. 1994) (tax evasion case: affirming district court's admission of evidence of prior tax settlement because it was admitted to show defendant's knowledge and intent). *Cf. Spell v. McDaniel*, 824 F.2d 1380, 1400 (4th Cir. 1987) (civil rights case: affirming district court's admission of evidence of City's settlement of an earlier police brutality action brought by another party because it was admitted to prove notice and was proper under Rule 403).

Here, the Defense may argue that the victims' have a motive to lie about the allegations of sexual assault because of their relationship with individuals who have, at times, been adverse to the Defendant, and who caused law enforcement to learn of the Defendant's sexual assault of the victims. Law enforcement learned this information in April and May of 2015.[1] The Defendant's alleged settlement and payments to the minor victim and/or her mother began shortly after the minor victim was seen by a doctor in November of 2011, and are probative of bias because they show that the minor victim's allegations predated the involvement of the individuals adverse to the Defendant. The Court should permit the Government to introduce such evidence because it seeks to do so only if the Defendant opens the door and doing so does not run afoul of Rule 408. *See United States v. Wilford*, 710 F.2d 439, 451 (8th Cir. 1983) (Hobbs Act/extortion case: affirming district court's admission of a previous settlement stipulation because it was offered for a purpose other than liability of the claim and noting that defense counsel's cross examination placed the matter in issue and so "the government was entitled to explain to the jury the

---

[1] On April 14, 2015, an individual contacted the national HSI tip line, and stated that the Defendant had sexually abused a minor female while working at an orphanage in Haiti from 2008 through 2012. That individual had received the information from missionaries working in Haiti who had learned of it from speaking with residents of the Haitian orphanage where the Defendant had previously lived. In late May of 2015, this information was forwarded to HSI's Miami Office.

circumstances").  *See also United States v. Meadows*, 598 F.2d 984, 989 (5th Cir. 1979) (fraud

case:  affirming district court's admission of defendant's statements and stating that "[a]lthough

the testimony concerning the repayment schedule might otherwise have been barred by rule 408

as a settlement offer, this testimony was solicited by the defense counsel on cross-examination").

Therefore, in this case, Rule 408 would not bar admission of evidence of the Defendant's

settlement of the sexual allegations with MV1 and/or her mother in order to rebut claims of bias,

should the Defendant make such claims.

### III.

Because the Government does not intend to offer this evidence in its case-in-chief and

because this evidence relates to bias, a permissible purpose contemplated by Rule 408, the

Government respectfully requests that it be permitted to introduce such evidence if the Defendant

opens the door.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:  */s/  Ilham A. Hosseini*
ILHAM A. HOSSEINI
Assistant United States Attorney
U.S. Attorney's Office - SDFL
Court ID No. A5501904
99 NE 4th Street, 8th Floor
Miami, FL 33132
Tel: (305) 961-9297
Fax: (305) 536-4699
Email:  ilham.hosseini@usdoj.gov

By:  *s/ Benjamin Widlanski*
BENJAMIN WIDLANSKI
Assistant United States Attorney
Court ID No. A5501885
U.S. Attorney's Office - SDFL
99 Northeast Fourth Street, 8th Floor

4

Miami, Florida 33132-2111
Telephone: (305) 961-9342
Facsimile: (305) 530-7976
benjamin.widlanski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/ Ilham A. Hosseini*
Ilham A. Hosseini
Assistant United States Attorney